Memorandum Decision
TOOMEY, Judge:
11 Walker I Investments, LLC (Walker) appeals from the district court's order denying its request for access to certain records maintained by Sunpeak Association, Inc. (the Association). We affirm.
T2 Walker owned real property located in a Park City, Utah subdivision. Because of its ownership, Walker was a member of the Association, which is incorporated under the Utah Revised Nonprofit Corporation Act (the Act). i
3 In July 20183-in the midst of an unrelated and ongoing lawsuit between Walker and the Association-Walker sent a letter to the Association asserting its rights under the Act and demanding access to various documents for inspection and copying. Among other things, Walker requested access to the Association's annual meeting records, insurance policies, contracts, and membership list. Walker asserted several purposes for its request, including facilitating the sale of Walker's property, verifying the Association's compliance with applicable laws and with its organizing documents, and investigating the cost and nature of services provided to the Association.
T4 The Association produced some, but not all, of the requested documents in response to Walker's demand letter. In addition, the Association asserted that prior to Walker's request, it had already disclosed a portion of the requested documents, during the course of the parties' litigation. The parties engaged in a series of communications regarding Walker's documents request, but the Association ultimately refused to produce the additional, undisclosed documents.
T5 In September 2018, Walker filed the present action, petitioning the district court to order the production of the requested *677 records and seeking an award of attorney fees and costs under the Act. The court heard oral arguments,. Walker argued that because it had a proper purpose for its demand, it had a statutory right under the Act to inspect any of the Association's records. The Association responded that Walker lacked a proper purpose to access several of the records. One particular point of contention during the hearing concerned Walker's demand to inspect and copy a list of the email addresses and phone numbers of the Association's members. - Walker asserted that communicating "efficiently" and "eost effectively" with other members regarding the Association's operations was a proper purpose. The Association countered that the email addresses and phone numbers of its members constituted private information it was not required to disclose.
T6 The district court granted Walker partial relief. It ordered the Association to produce or "make available for inspection and copying" several records previously withheld. But the court also concluded that the Association was not required to produce other records, specifically the email addresses and phone numbers of the Association's members. The court's rationale was that Walker "[did] not have a proper purpose in requesting more than the name and address of the members of the Association." It reasoned that the Association "has produced documentation containing the names and addresses of the members which provides a sufficient method to contact the members."
- 17 Further, the court denied Walker's request for attorney fees, concluding that the Association had demonstrated it "had [a] reasonable basis for doubt about the right of [Walker] to seek records." As a result, the court found the Association had "refused inspection 'and copying in good faith." Under these cirenmstances, the court determined that an award of attorney fees was not warranted. Walker appeals.[1]
I. Records Access
T8 Walker challenges the district court's denial of its request to access the Association's members' email addresses and phone numbers, arguing that the court erred in interpreting and applying the Act. Specifically, Walker argues the list constituted "any record of the Association" that Walker had a "proper purpose" to inspect and copy under the Act.[2] "The proper interpretation and application of a statute is a question of law which we review for correctness, affording no deference to the district court's legal conclusion." Gutierrez v. Medley, 972 P.2d 913, 914-15 (Utah 1998). Because we conclude that the Act only requires the Association to produce a list of its members' names and addresses, we need not decide whether Walker had a proper purpose for demanding access to the email addresses and phone numbers of the Association's members. ‘
T9 The Utah Revised Nonprofit Corporation Act requires nonprofit corporations to maintain various records related to their op *678 erations. Utah Code Ann. § 16-6a-1601 (LexisNexis 2018). It also allows members of a nonprofit corporation to inspect and copy the records of the nonprofit corporation, provided that certain conditions are met. Id. § 16-62-1602; see also id. § 16-6a-710(2) (providing voting members the right to request a member list). A member has the right to inspect and copy some records kept in the nonprofit corporation's principal office upon a written demand. Id. § 16-62-1602(1); see also id. § 16-6a-1601(5). In addition, a member may inspect and copy "any of the other records" as long as a written demand is made "in good faith" and "for a proper purpose." Id. § 16-6a-1602(2).
110 The Act specifically sets forth the scope of a member's right to inspect a nonprofit corporation's records of its members. Id. § 16-62a-1608(4). To fulfill a member's request to inspect the nonprofit corporation's records regarding its members, the nonprofit corporation may "furnish ] to the ... member a list of directors or members that ... complies with Subsection 16-62a-1601(3)," id., which requires a nonprofit corporation to "maintain a record of its members in a form that permits preparation of a list of the name and address of all members," id. § 16-6a-16018). Thus, a nonprofit corporation may satisfy a member's demand to access the nonprofit corporation's records of its members under section 16-6a-1608(4) by furnishing "a list of the name{s] and address[es] of all [its] members." See id. §§ 16-6a-1601(3), -1603(4). |
T11 Here, we agree with the district court's ultimate conclusion that the Association's production of "documentation containing the names and addresses of the members" was "sufficient" under the Act, As a member of the Association, Walker made a demand to inspect records regarding the Association's members. Because the Act specifies that a nonprofit corporation complies with such a demand by furnishing to the requesting member a list that includes "the name and address of all members," the Association complied with Walker's demand when it provided Walker with .a list of its members' names and addresses. See id. §§ 16-62a-1601(3), -1608(4). Accordingly, we affirm the district court's ruling that the Association was not required to produce the email addresses and phone numbers of its members.
II. Attorney Fees
112 Walker next challenges the district court's denial of its request for attorney fees. It contends the Association's stated basis for refusing Walker's demand to produce certain records does not establish a good faith reason for not complying with the Act. The court denied Walker's request for attorney fees on the ground that the Association "refused inspection and copying in good faith," We conclude Walker has not demonstrated error in the district court's order.
{13 The Act provides that a nonprofit corporation may be liable for a member's reasonable attorney fees incurred in securing a court order to compel access to records. Utah Code Ann. § 16-62a-1604@8)(a) (Lexis-Nexis 2018). Specifically, it states that if a court orders a nonprofit corporation to allow the inspection or copying of records, "the court shall also order the nonprofit corporation to pay the ... member's costs, including reasonable counsel fees, incurred to obtain the order." Id. Notwithstanding this provision, a nonprofit corporation may avoid liability for a member's attorney fees if it "proves that it refused inspection or copying in good faith because it had a reasonable basis for doubt about the right of the ... member ... to inspect or copy the records demanded." Id. § 16-6a-1604(8).
(14 Generally, we review a district court's decision regarding whether attorney fees are recoverable in an action for correctness. See R.T. Nielson Co. v. Cook, 2002 UT 11, ¶ 16, 40 P.3d 1119. But where, as here, a statute authorizing fees involves determining whether a party acted in good faith, the statute grants the district court discretion to decide the party's subjective intent, and we review the district court's decision for clear error. See Still Standing Stable, LLC v. Allen, 2005 UT 46, ¶ 8, 122 P.3d 556. "When challenging a district court's findings of fact, the challenging party must show that the evidence, viewed in a light most favorable to the [district] court, is legally insufficient to support the contested finding." Id. ¶ 8 n. 2 *679 (alteration in original) (citation and internal quotation marks omitted).
1 15 The district court found that the Association's refusal to comply with Walker's demand was in good faith because the Association "had [a] reasonable basis for doubt about the right of [Walker] to seek records." Based on this finding, the court ruled that although it had ordered the Association to produce some records, the Association was not Hable for the attorney fees Walker had incurred in obtaining the court order.
1 16 Walker has not carried its burden of persuasion to demonstrate district court error, because it has failed to support its argument with citations to authority and reasoned analysis based on that authority. See Simmons Media Group, LLC v. Waykar, LLC, 2014 UT App 145, ¶ 37, 885 P.3d 885; see also Utah R.App. P. 24(a)(9). Instead, Walker's analysis is limited to a conclusory statement that "failing to comply with [the] statutory duties [to produce records on the ground that the Association] desired guidance from the district court ... cannot, as a matter of law, constitute good faith,." Moreover, Walker has failed to demonstrate that the district court's finding of the Association's good faith is unsupported. As a consequence, because Walker has not carried its burden to show the court erred in denying its request for attorney fees under the Act, we are not convinced the district court erred.
T17 In summary, we conclude that because a member's demand to inspect a nonprofit corporation's records of its members is satisfied by the statutorily required production of a list of its members' names and addresses, the district court properly denied Walker's request to inspect and copy a list of the Association's members' email addresses and phone numbers. We also conclude that Walker has not demonstrated the district court erred in refusing to award attorney fees pursuant to the Act. We therefore affirm.

. The Association filed a suggestion of mootness, asserting that Walker is no longer entitled to inspect and copy the Association's records because it sold its property. Though Walker acknowledged the sale of its property, it opposed the Association's suggestion of mootness on the ground that its access to the Association's records may reveal legal claims Walker still may have against the Association. This court previously ruled that this appeal is not moot with respect to the attorney-fees issue but reserved a ruling on mootness with respect to the records-access issue. See generally Utah R.App. P. 37(a). "The burden of persuading the court that an issue is moot lies with the party asserting mootness." Salt Lake County v. Holliday Water Co., 2010 UT 45, ¶ 21, 234 P.3d 1105 (citation and internal quotation marks omitted). "An appeal is moot if during the pendency of the appeal circumstances change so that, the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." Id. (citation and internal quotation marks omitted). The Association has not convinced us that the legal controversy no longer exists with respect to the records-access issue and has not demonstrated that granting judicial relief to Walker on that issue would not affect its rights. We therefore proceed to address the merits of Walker's appeal.

. - Walker asserts its proper purpose was to "contact [the other members] to discuss the actions of the Board of Directors and the management of [the Association]}." The Association counters that the district court "properly concluded that ease of communication was not a proper purpose requiring the production of email addresses and telephone numbers when names and addresses had already been provided."